UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL NO. 04 12510 MEL

)
EDWARD R. ELLIES,            )
        Plaintiff            )    COMPLAINT
                             )
    VS.                      )
                             )
COUNTY OF SUFFOLK,           )
        Defendant            )
MAGISTRATE JUDGE _____
                             )

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
DPTY. CLK. _____
11/30/04

Now comes the Plaintiff Edward R. Ellies, and allege that:

THE PARTIES

1. The plaintiff Edward R. Ellies is an individual resident of Dorchester, County of Suffolk, in said Commonwealth.

2. The Defendant County of Suffolk is a county in the Commonwealth of Massachusetts and is and was at all times material hereto a public employer.

JURISDICTION

3. This action arises under 42 U.S.C. S.1983 and the Eighth and Fourteenth Amendments to the Constitution of the United States, as hereinafter more fully appears.

COUNT I- TORT FOR NEGLIGENCE PURSUANT TO MGL C. 258 S.1, ET SEQ.

4. On or about January 15, 2003 the defendant had custody of the plaintiff, who at that time was incarcerated pursuant to a court ordered sentence of commitment, at a facility operated by the defendant located at Boston, Massachusetts.

1

5. On or about January 15, 2003, the defendant, through its employees, did undertake to care for the plaintiff and was responsible for the care of the plaintiff while the said plaintiff was in the custody of the defendant.

6. The said Defendant, through its agent(s) or employee(s) owed a duty to the said Plaintiff, as a person under the custody of the defendant, to exercise reasonable care so as to prevent injury to the plaintiff.

7. On or about January 15, 2003, the defendant required the plaintiff to sleep on a bunk bed located above the floor of his assigned cell, without providing the plaintiff with a ladder or other safe means to ascend to and descend from said bed; and without instructing the plaintiff in a safe manner of ascending to and descending from said bed.

7A. On said date, the Defendant, in violation of Commonwealth of Massachusetts Regulation 105 CMR 451.321, forced the plaintiff to share said cell, which cell's dimension was less than 210 (two hundred ten) square feet, with two (2) other inmates.

8. The said Defendant thus breached its said duty referred to in paragraph 6 above.

9. On or about January 15, 2003, while in the exercise of due care, the said Plaintiff while descending from the said bed, fell and was injured due to the negligent act(s) or omission(s) of the Defendant, through its agent(s) or employee(s).

10. As a proximate and actual result thereof, the said Plaintiff was seriously injured, suffered great pain of body and was forced to incur medical expense for medical care occasioned thereby.

11. Pursuant to the requirements of MGL Ch.258, written notice of the plaintiff's claims, a copy of which is annexed hereto and marked "A", was served on the Suffolk County Commissioners within two years after the date upon which the causes of action arose. Such claims have been finally denied by such executive officer and public employer, who failed to deny such claims in writing within six months after the date upon which it was presented, or reach final arbitration, settlement, or compromise of said claims.

Wherefore the said Plaintiff demands a money judgment against said Defendant, plus costs.

### COUNT II- CAUSE OF ACTION PURSUANT TO 42 USC S. 1983 VS. DEFENDANT- MUNICIPAL LIABILITY

Now comes the Plaintiff and realleges and incorporates by reference herein the allegations contained in paragraphs one through eleven of the first count of this complaint and further allege as follows:

12. On or about January 15, 2003 and prior thereto, the defendant, through its employees, was aware that inmate(s) in its custody had been injured by falling while ascending to and/or descending from bunk bed(s) located off of the floor of its cells.

13. On or about January 15, 2003, the defendant had custody of

the plaintiff, who at that time was incarcerated pursuant to a court ordered committed sentence, at a facility operated by the defendant located at Boston, Massachusetts.

14. The defendant, through its sheriff or County Commissioners or other employee(s) with final decision making authority, maintained policies or customs of deliberate indifference to the Constitutional rights of inmates such as the plaintiff, which caused the deprivation of the plaintiff's State and Federal Constitutional rights.

Wherefore the Plaintiff requests that this Court:

a. Award compensatory damages against the defendant County of Suffolk;

b. Award the costs of this action, including reasonable attorney's fees to the plaintiff in accordance with 42 U.S.C. S.1988;

c. Award the plaintiff prejudgment interest; and

d. Award such other and further relief as this Court may deem necessary and appropriate.

Plaintiff claims trial by jury on all counts.

By his attorney,

/s/

ROBERT H. TOBIN, JR.
TOBIN AND TOBIN, PC
735 South Street
Roslindale, MA 02131
Tel. (617) 325-1010
BBO No. 499425

Dated: 11/29/04

LAW OFFICE

# TOBIN AND TOBIN, P.C.

ROBERT H. TOBIN, JR.
MICHAEL J. TOBIN

735 SOUTH STREET

ROSLINDALE, MA 02131-1705

TEL. (617) 325-1010
FAX (617) 325-1055

A

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

May 14, 2003

The Honorable Thomas M. Menino, Mayor
Suffolk County Commissioner
City Hall
1 City Hall Square
Boston, MA 02201

**RE: EDWARD R. ELLIES**

Dear mayor Menino:

Please be advised that this firm represents the above-named, of 26 Athelwold Street, Dorchester, MA.

This correspondence e constitutes a presentment within the meaning of M.G.L. c. 258, S.4.

Mr. Ellies was an inmate at the Suffolk County House of Correction and under the care and custody of the County of Suffolk by and through the Suffolk County Sheriff's Department ("SCSD"), on or about January 15, 2003, at which time he was ordered by SCSD to share a cell with two (2) other inmates. The only beds in said cell (numbered as cell 40 in unit 3-3) were two (2) beds located near the floor level and a top bunk bed located approximately five (5) feet off the floor of the cell.

As of said date, Mr. Ellies' bed was said top bunk bed. As of said date, Mr. Elies had received no instruction from the SCSD, its agent(s) and/or employee(s), regarding the proper method of ascending onto and descending from said top bunk bed. As of said date, there was no ladder or other safe means of descending from said top bunk bed supplied by the SCSD, its agent(s) and/or employee(s).

On or about January 15, 2003 at approximately 6:15 P.M., while

1

attempting to descend from said top bunk bed by placing his foot onto a sink in the cell, Mr. Ellies was caused to slip and fall onto the sink and cement floor, causing him to suffer injuries, including a laceration of the face, knee injury, headaches, nightmares, and blurred vison.

It is our contention that SCSD, through its agents and employees, was negligent in forcing Mr. Ellies to share a cell with two (2) other inmates in which one of the only three beds was located high off of the ground; in failing to instruct Mr. Ellies on a safe method to descend from said top bunk bed; and in failing to equip said bed and/or cell with a ladder or other safe means of descending.

As a result of the aforesaid negligence of the County of Suffolk, through its agent(s) and/or employee(s), Mr. Ellies was damaged by said injuries and related injuries noted in his medical records pertaining to his treatment occasioned thereby.

This is a claim on Mr. Ellies' behalf, as well as that of his wife Aminah Ellies, pursuant to the Massachusetts Tort Claims Act ( M.G.L. c. 258 S.1 et seq. ) for fair, reasonable and adequate damages ( including compensation for medical expenses, lost earning capacity, pain and suffering, disability, loss of enjoyment of life, loss of consortium, and all other elements of tortious damages for personal injury allowed by Massachusetts law ) on account of the same, which injuries were caused by the negligence of the County of Suffolk, its agent(s) or employee(s).

Upon the assignment of a person within your office to handle this claim, I will provide additional medical reports, medical bills and lost earnings documentation to establish the specific nature of said injuries, course of treatment, amount of medical bills incurred and amount of earnings lost by Mr. Ellies as a result this negligence.

It is my belief that Mr. Ellies has not yet reached a medical end result in this matter. Therefore, for the purpose of avoiding any subsequent contention that a c. 258, S.4 "presentment" is defective if it does not demand a specific dollar amount, such demand is hereby made in the amount of $100,000.00 each.

2

Finally, please find enclosed our check in the amount of $5.00 for filing fee.

Accordingly, please contact us on this matter.

Thank you.

                                Sincerely,

RHT/wn                          ROBERT H. TOBIN, JR.

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Honorable Thomas M. Menino, Mayor
Suffolk County Commissioner
City Hall
One City Hall Square
Boston, MA 02201

2. Article Number (Copy from service label): 7002 2030 0002 2529 9601

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly): [illegible]
B. Date of Delivery: 5/16/03
C. Signature: X Joseph E. McD[...]
   ☐ Agent
   ☐ Addressee
D. Is delivery address different from item 1? ☐ Yes  ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811, July 1999   Domestic Return Receipt   102595-99-M-1789

LAW OFFICE

# TOBIN AND TOBIN, P.C.

ROBERT H. TOBIN, JR.  
MICHAEL J. TOBIN

735 SOUTH STREET  
ROSLINDALE, MA 02131-1705

TEL. (617) 325-1010  
FAX (617) 325-1055

<u>CERTIFIED MAIL</u>  
<u>RETURN RECEIPT REQUESTED</u>

May 14, 2003

Boston City Council  
Suffolk County Commissioners  
City Hall  
1 City Hall Square  
Boston, MA 02201  
Attention: Michael Flaherty, President

**RE: EDWARD R. ELLIES**

Dear President Flaherty:

 Please be advised that this firm represents the above-named , of 26 Athelwold Street, Dorchester, MA.

 This correspondence e constitutes a presentment within the meaning of M.G.L. c. 258, S.4.

 Mr. Ellies was an inmate at the Suffolk County House of Correction and under the care and custody of the County of Suffolk by and through the Suffolk County Sheriff's Department ("SCSD"), on or about January 15, 2003, at which time he was ordered by SCSD to share a cell with two (2) other inmates. The only beds in said cell (numbered as cell 40 in unit 3-3) were two (2) beds located near the floor level and a top bunk bed located approximately five (5) feet off the floor of the cell.

 As of said date, Mr. Ellies' bed was said top bunk bed. As of said date, Mr. Elies had received no instruction from the SCSD, its agent(s) and/or employee(s), regarding the proper method of ascending onto and descending from said top bunk bed. As of said date, there was no ladder or other safe means of descending from said top bunk bed supplied by the SCSD, its agent(s) and/or employee(s).

1

On or about January 15, 2003 at approximately 6:15 P.M., while attempting to descend from said top bunk bed by placing his foot onto a sink in the cell, Mr. Ellies was caused to slip and fall onto the sink and cement floor, causing him to suffer injuries, including a laceration of the face, knee injury, headaches, nightmares, and blurred vison.

It is our contention that SCSD, through its agents and employees, was negligent in forcing Mr. Ellies to share a cell with two (2) other inmates in which one of the only three beds was located high off of the ground; in failing to instruct Mr. Ellies on a safe method to descend from said top bunk bed; and in failing to equip said bed and/or cell with a ladder or other safe means of descending.

As a result of the aforesaid negligence of the County of Suffolk, through its agent(s) and/or employee(s), Mr. Ellies was damaged by said injuries and related injuries noted in his medical records pertaining to his treatment occasioned thereby.

This is a claim on Mr. Ellies' behalf, as well as that of his wife Aminah Ellies, pursuant to the Massachusetts Tort Claims Act ( M.G.L. c. 258 S.1 et seq. ) for fair, reasonable and adequate damages ( including compensation for medical expenses, lost earning capacity, pain and suffering, disability, loss of enjoyment of life, loss of consortium, and all other elements of tortious damages for personal injury allowed by Massachusetts law ) on account of the same, which injuries were caused by the negligence of the County of Suffolk, its agent(s) or employee(s).

Upon the assignment of a person within your office to handle this claim, I will provide additional medical reports, medical bills and lost earnings documentation to establish the specific nature of said injuries, course of treatment, amount of medical bills incurred and amount of earnings lost by Mr. Ellies as a result this negligence.

It is my belief that Mr. Ellies has not yet reached a medical end result in this matter. Therefore, for the purpose of avoiding any subsequent contention that a c. 258, S.4 "presentment" is defective if it does not demand a specific dollar amount, such

2

demand is hereby made in the amount of $100,000.00 each.

Finally, please find enclosed our check in the amount of $5.00 for filing fee.

Accordingly, please contact us on this matter.

Thank you.

                Sincerely,


                ROBERT H. TOBIN, JR.

RHT/wn

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Attn: Michael Flaherty
Boston City Council
Suffolk County Commissioners
City Hall
One City Hall Square
Boston, MA 02201

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)  B. Date of Delivery: 5/14/03

C. Signature: X Joseph E. McDermott, Jr.
☐ Agent  ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes  ☐ No
If YES, enter delivery address below:

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Copy from service label): 7002 2030 0002 2529 9595

PS Form 3811, July 1999   Domestic Return Receipt